<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| GEORGE E. DAVIDSON, : | |
| : | Civil Action No. 13-102 (NLH) |
| Plaintiff, : | |
| : | |
| v. : | **OPINION** |
| : | |
| OFFICER R. WILSON, et al. : | |
| : | |
| Defendants. : | |
| : | |

APPEARANCES:

George E. Davidson, #65001
Cumberland County Jail
54 West Broad Street
Bridgeton, NJ 08302
     Plaintiff <u>Pro</u> <u>Se</u>

<u>**HILLMAN**</u>, District Judge:

    Plaintiff George E. Davidson ("Plaintiff"), a prisoner confined at Cumberland County Jail in Bridgeton, NJ, seeks to bring this action <u>in</u> <u>forma</u> <u>pauperis</u> pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights.  The Court has reviewed his application and he will be granted <u>in</u> <u>forma</u> <u>pauperis</u> status.

    At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be

granted, or because it seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).

## I.  BACKGROUND

The following factual allegations are taken from Plaintiff's Complaint, (Dkt. 1), and are accepted as true only for the purposes of this review. On or about October 1, 2012, Plaintiff was cited for a "Code 26" violation by Officer R. Wilson ("Wilson"). (Dkt. 1 at 6.) The violation was signed and sanctioned by Sgt. J. Abbott ("Abbott"). Id. Plaintiff alleges that the violation was fabricated, he was not given a chance to plead his case, and no hearing was held. Id. at 7. Plaintiff was given 4 hours in solitary confinement. Id. at 6. Plaintiff was escorted to solitary confinement by Officer N. Armstrong ("Armstrong"). Id. Plaintiff alleges that despite being given only 4 hours of solitary confinement, he was nevertheless left in solitary confinement for over 8 hours. Id. Plaintiff further alleges that he was not given a mattress nor a blanket, and had to sleep on a "bare freezing cold cast iron steel bed." Id. Plaintiff asserts this left him with severe chest pain, headache, and joint and body pains. Id. Plaintiff claims that

2

he was given medical treatment by Officer J. Steward ("Steward").  Id. at 7.

Plaintiff files the instant Complaint against Wilson, Abbott, Armstrong, Steward, and the Cumberland County Department of Correction.  The Court construes the Complaint as asserting an Eighth Amendment violation for the conditions of his solitary confinement, and a procedural due process violation for not providing adequate process to adjudicate his citation.

II.  STANDARDS FOR A SUA SPONTE DISMISSAL

Every complaint must comply with the pleading requirements of the Federal Rules of Civil Procedure.  Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citations omitted).

> While a complaint ... does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . .  Factual allegations must be enough to raise a right to relief above the speculative level . . . .

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted).[1]

That is, a complaint must assert "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). The determination of whether the factual allegations plausibly give rise to an entitlement to relief is "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" Bistrian v. Levi, 696 F.3d 352, 365 (3d Cir. 2012) (citations omitted). Thus, a court is "not bound to accept as true a legal conclusion couched as a factual allegation," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citations omitted).

---

[1]   "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." Schreane v. Seana, 506 F. App'x 120, 122 (3d Cir. 2012) (citing Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000)); Mitchell v. Beard, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); Courteau v. United States, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

In determining the sufficiency of a pro se complaint, the Court must be mindful to accept its factual allegations as true, see James v. City of Wilkes-Barre, 700 F.3d 675, 679 (3d Cir. 2012), and to construe it liberally in favor of the plaintiff. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Unite States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).

In general, where a complaint subject to statutory screening can be remedied by amendment, a district court should not dismiss the complaint with prejudice, but should permit the amendment.  Denton v. Hernandez, 504 U.S. 25, 34 (1992); Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002) (noting that leave to amend should be granted "in the absence of undue delay, bad faith, dilatory motive, unfair prejudice, or futility of amendment").

### III.   SECTION 1983 ACTIONS

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

5

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011).


IV.   DISCUSSION

A.   Eighth Amendment Claim

Under the Eighth Amendment, prison officials have a duty to provide humane conditions of confinement, including adequate food, clothing, shelter, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832 (1994); Helling v. McKinney, 509 U.S. 25, 31 (1993).  However, the Constitution "does not mandate comfortable prisons."  Rhodes v. Chapman, 452 U.S. 337, 349 (1981).

The Eighth Amendment prohibits conditions that unnecessarily and wantonly inflict pain, or are grossly disproportionate to the severity of the crime warranting imprisonment.  Rhodes, 452 U.S. at 346-47.  The cruel and unusual punishment standard is not static, but is measured by "the evolving standards of decency that mark the progress of a maturing society."  Id. at 346.  "[I]t is well settled that the

treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." Farmer, 511 U.S. at 832.  To determine whether the conditions of confinement violate the Eighth Amendment, the courts employ a test that includes objective and subjective elements, both of which must be satisfied by the plaintiff.  See Counterman v. Warren Cnty. Corr. Facility, 176 F. App'x 234, 238 (3d Cir. 2006) (citing Beers-Capitol v. Whetzel, 256 F.3d 120, 131 (3d Cir. 2001), quoting, in turn, Farmer, 511 U.S. at 842-46).

A prisoner may satisfy the objective element of a conditions-of-confinement claim, that a deprivation be "sufficiently serious," if he can show that the conditions alleged, either "alone or in combination . . . deprive him of the minimal civilized measure of life's necessities." Rhodes, 452 U.S. at 347-48.  Such necessities include: "adequate food, clothing, shelter, sanitation, medical care, and personal safety." Young v. Quinlan, 960 F.2d 351, 364 (3d Cir. 1992). "The duration of an inmate's confinement, while not itself a controlling factor in Eighth Amendment analysis, nonetheless helps to gauge the cumulative burden of the deprivations that the inmate has endured.  A relatively short exposure to harsh conditions is less onerous than a protracted exposure, and courts have, therefore, looked to the length, as well as the

severity, of solitary confinement as one element of its
constitutional validity." Rosario v. Williams, No. 13-1945,
2014 WL 338114, at *7 (E.D. Pa. Jan. 29, 2014). Courts have
held that solitary confinements much longer than Plaintiff
endured here did not violate the Eighth Amendment. Abdul-Aziz
v. Ricci, 569 Fed. App'x 62, 65 (3d Cir. 2014) (nine days);
Gibson v. Lynch, 652 F.2d 348, 351-53 (3d Cir. 1981) (90 days);
Williams v. Armstrong, 566 Fed. App'x 106, 109 (3d Cir. 2014)
(112 days).

Here, there is no question that Plaintiff's eight-hour
solitary confinement by itself falls well short of stating a
valid Eighth Amendment claim. Therefore, the Court is faced
with deciding whether the fact that Plaintiff did not have a
mattress and a blanket while being confined during night time,
for eight hours, created a "sufficiently serious" deprivation.
To answer that question, the Court poses this hypothetical:
Would an eight-hour solitary confinement in an empty cell,
devoid of anything but the floor, the ceiling, and the four
walls, without access to any of life's necessities - conditions
far worse than that suffered by Plaintiff - be sufficient to
state a constitutional deprivation? The Court finds that it
does not, simply because the short duration of Plaintiff's
confinement is not long enough to cause any significant hardship
or injury, absent any unusual or extraordinary circumstances not

alleged here.  See Berch v. Stahl, 373 F. Supp. 412, 420-21
(W.D.N.C. 1974) (finding that confinement in the 'box', i.e. a
bare metal cell, violates the Eighth Amendment only if the
confinement is longer than 24 hours).

Plaintiff has alleged no other deprivation other than his
claim he did not have a mattress or a blanket.  There are no
allegations that he was denied use of bathroom facilities.  Any
allegations that he was denied showers, recreational facilities,
or even food for a mere eight-hour detention would be frivolous;
ordinary people often voluntarily go without shower, recreation,
and/or food for eight hours or longer in the course of daily
life and suffer no harm.  As for the pains Plaintiff suffered as
the result of sleeping on a hard, cold surface, Plaintiff
himself admitted that he received medical treatment immediately
after solitary confinement.  As alleged, the Court finds that
Plaintiff has failed to state a valid Eighth Amendment claim.

B.   Procedural Due Process

"In general, to prevail on [a procedural due process]
claim, a plaintiff must show the deprivation of a protected
liberty or property interest that occurred without due process
of law." Iwanicki v. Pa. Dep't of Corr., 582 Fed. App'x 75, 80
(3d Cir. 2014) (citing Burns v. Pa. Dep't of Corr., 544 F.3d
279, 285 (3d Cir. 2008)).  "Prisoners typically have a protected
liberty interest only in 'freedom from restraint' that 'imposes

atypical and significant hardship . . . in relation to the
ordinary incidents of prison life.'" Id. (quoting Sandin v.
Conner, 515 U.S. 472, 484 (1995)). "In determining whether a
protected liberty interest exists, the court must consider: (1)
the duration of the disciplinary confinement; and (2) whether
the conditions of confinement were significantly more
restrictive than those imposed upon other inmates in solitary
confinement." Huertas v. Sec'y Pa. Dep't of Corr., 533 F. App'x
64, 66 (3d Cir. 2013) (citing Sandin, 515 U.S. at 486; Shoats v.
Horn, 213 F.3d 140, 144 (3d Cir. 2000)). "It is well-settled
that placement in administrative confinement will generally not
create a liberty interest." Abdul-Aziz v. Ricci, 569 F. App'x
62, 65 (3d Cir. 2014) (citing Sandin, 515 U.S. at 486; Allah v.
Seiverling, 229 F.3d 220, 224 (3d Cir. 2000)).

     Here, Plaintiff does not state a deprivation of liberty
interest that triggers a procedural due process claim.
Plaintiff does not allege that his solitary confinement was an
atypical and significant hardship in relation to ordinary
incidents of prison life, nor that it was significantly more
restrictive than those imposed upon other inmates in solitary
confinement. Furthermore, as stated before, the extremely short
duration of his solitary confinement simply does not rise to a
constitutional violation. See Abdul-Aziz, 569 F. App'x at 65
(finding that 9 days of confinement does not trigger due process

rights); <u>Fortune v. Hamberger</u>, 379 F. App'x 116, 123 (3d Cir. 2010) (45 days); <u>Smith v. Mensinger</u>, 293 F.3d 641, 654 (3d Cir. 2002) (7 months).  Even if the Court assumes Plaintiff's allegations as true that there was a procedural violation, without a protected liberty interest the Complaint falls short of stating a valid procedural due process claim.

In sum, the Court finds that the Complaint fails to state any claim for which relief may be granted.  As the insufficiencies of Plaintiff's Complaint are fundamentally fatal to his claims, the Court finds that it would be futile to allow Plaintiff to amend the Complaint.  Therefore, the Court will dismiss the Complaint with prejudice.


V.   <u>CONCLUSION</u>

For the reasons set forth above, the Complaint will be dismissed with prejudice.



At Camden, New Jersey              <u>    s/ Noel L. Hillman    </u>
                                   Noel L. Hillman
                                   United States District Judge

Dated: January 26, 2015